# United States Court of Appeals
# for the Fifth Circuit

————————

No. 22-60197
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 21, 2023

Lyle W. Cayce
Clerk

Jesus Vasquez Ignacio,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A205 471 062

————————————————————

Before Stewart, Dennis, and Willett, *Circuit Judges*.

Per Curiam:[*]

Jesus Vasquez Ignacio, a native and citizen of Mexico, timely petitions us for review of a decision of the Board of Immigration Appeals denying withholding of removal and Convention Against Torture protection.

On petition for review of a Board decision, we review factual findings for substantial evidence and questions of law de novo. *Lopez-Gomez v.*

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60197

*Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).   The substantial-evidence standard applies to review of decisions denying asylum, withholding of removal, and relief under the CAT.  *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).   Under this standard, reversal is improper unless the evidence compels a contrary conclusion.  *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).

We are not compelled to find that Vasquez Ignacio was persecuted in the past.  The incident he described is not an example of the extreme harm that persecution requires.  *See Qorane v. Barr*, 919 F.3d 904, 909-10 (5th Cir. 2019).  As Vasquez Ignacio has not established persecution, his claim fails, and analysis of the other elements is unnecessary.  *INS v. Bagamasbad*, 429 U.S. 24, 25-26 (1976).

Because Vasquez Ignacio's assault and attempted kidnapping do not constitute persecution, they also do not show a likelihood he will be tortured upon return to Mexico.  *See Qorane*, 919 F.3d at 911.  Vasquez Ignacio presents only a conclusional argument that country condition evidence supports his torture claim and has waived that issue for review.  *See Garrido-Morato v. Gonzales*, 485 F.3d 319, 321 n.1 (5th Cir. 2007).

DENIED.